UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS HARVEY MERCHANT, CDCR #E-79892, <br><br> Plaintiff, <br><br> vs. <br><br> H. LOPEZ; Correctional Food Manager; P. WEITZEIL, Correctional Food Manager Secretary; R. MADDEN, Correctional Facility Captain, <br><br> Defendants. | Civil No. 09cv0856 WQH (NLS) <br><br> **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED.R.CIV.P. 12(b)(6)** <br><br> **[Doc. No. 9]** |

**I.  PROCEDURAL BACKGROUND**

Curtis Harvey Merchant ("Plaintiff"), a prisoner currently incarcerated at Calipatria State Prison located in Calipatria, proceeding pro se and *in forma pauperis,* has filed a civil rights action pursuant to 42 U.S.C. § 1983.

Defendants Lopez, Weitzeil, and Madden ("Defendants") have filed a Motion to Dismiss Plaintiff's Complaint pursuant to FED.R.CIV.P. 12(b)(6) [Doc. No. 9]. Plaintiff filed his Opposition on October 7, 2009 [Doc. No. 11] to which Defendants have filed their Reply [Doc. No. 12].

///

The Court has determined that Defendants' Motion is suitable for disposition upon the papers without oral argument and that no Report and Recommendation from Magistrate Judge Nita L. Stormes is necessary. *See* S.D. CAL. CIVLR 7.1(d)(1), 72.3(e).

## II.  PLAINTIFF'S FACTUAL ALLEGATIONS

Plaintiff filed an administrative grievance against Defendant Lopez, the Correctional Food Manager for Calipatria State Prison ("CAL") and Defendant Weitzeil, Correctional Food Manger on January 15, 2008. (*See* Pl.'s Compl. at 3.) In this grievance, Plaintiff alleged that he was being discriminated in his prison job by Defendants Lopez and Weitzeil. (*Id.*) On May 20, 2008, Plaintiff claims that Weitzeil and Lopez conspired against him by falsely accusing him of "stalking" Defendant Weitzeil which resulted in the loss of Plaintiff's job in the prison's kitchen. (*Id.*)

Plaintiff claims that another inmate, Johnny Ford, overheard a conversation between Defendant Weitzeil and Assistant Food Manager Roderick in which inmate Ford claims Roderick and Weitzeil agreed that they would remove Plaintiff from his kitchen job if he continued to pursue his job discrimination administrative grievance. (*Id.* at 6.) Plaintiff further claims that Defendant Madden continued to participate in the conspiracy to deprive Plaintiff of his prison job by failing to provide Plaintiff with procedural safeguards during his disciplinary hearing. (*Id.*)

## III.  DEFENDANTS' MOTION TO DISMISS

### A.  Defendants' Arguments

Defendants seek dismissal of Plaintiff's Complaint pursuant to Rule 12(b)(6) on the following grounds: (1) they are entitled to Eleventh Amendment immunity to the extent Plaintiff seeks money damages against them in their official capacities; (2) Plaintiff has failed to state a claim against Defendants; (3) Defendants are entitled to qualified immunity; and (4) Plaintiff has failed to demonstrate he is entitled to injunctive relief. In the alternative, Defendants have filed a Motion for More Definite Statement pursuant to Rule 12(e).

/ / /

/ / /

### B. FED.R.CIV.P. 12(b)(6) Standard of Review

A Rule 12(b)(6) dismissal may be based on either a "'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'" *Johnson v. Riverside Healthcare System, LP*, 534 F.3d 1116, 1121-22 (9th Cir. 2008) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)). In other words, the plaintiff's complaint must provide a "short and plain statement of the claim showing that [he] is entitled to relief." *Id.* (citing FED.R.CIV.P. 8(a)(2)). "Specific facts are not necessary; the statement need only give the defendant[s] fair notice of what ... the claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007) (internal quotation marks omitted).

A motion to dismiss should be granted if plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. ----, 129 S.Ct. 1937, 1949 (2009).

In addition, factual allegations asserted by pro se petitioners, "however inartfully pleaded," are held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519-20 (1972). Thus, where a plaintiff appears in propria persona in a civil rights case, the Court must construe the pleadings liberally and afford plaintiff any benefit of the doubt. *See Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988).

Nevertheless, and in spite of the deference the court is bound to pay to any factual allegations made, it is not proper for the court to assume that "the [plaintiff] can prove facts which [he or she] has not alleged." *Associated General Contractors of California, Inc. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983). Nor must the court "accept as true allegations that contradict matters properly subject to judicial notice or by exhibit" or those which are "merely conclusory," require "unwarranted deductions" or "unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.) (citation omitted), *amended on other grounds*, 275 F.3d 1187 (9th Cir. 2001); *see also Ileto v. Glock Inc.*, 349 F.3d

1191, 1200 (9th Cir. 2003) (court need not accept as true unreasonable inferences or conclusions of law cast in the form of factual allegations).

### C. Eleventh Amendment Immunity

Defendant Madden seeks dismissal of Plaintiff's Complaint to the extent he seeks money damages against him based on actions taken in his "official" capacity. (Defs.' P&A's at 9-10).

While the Eleventh Amendment bars a prisoner's section 1983 claims against state actors sued in their official capacities, *Will*, 491 U.S. at 66, it does not bar damage actions against state officials sued in their personal or individual capacities. *Hafer v. Melo*, 502 U.S. 21, 31 (1991); *Pena v. Gardner*, 976 F.2d 469, 472-73 (9th Cir. 1992). When a state actor is alleged to have violated both federal and state law and is sued for damages under section 1983 in his individual or personal capacity, there is no Eleventh Amendment bar, even if state law provides for indemnification. *Ashker v. California Dep't of Corrections*, 112 F.3d 392, 395 (9th Cir. 1997).

The Supreme Court has made it clear that a plaintiff can establish personal liability in a section 1983 action simply by showing that each official acted under color of state law in deprivation of a federal right. *Hafer*, 502 U.S. at 25. Consequently, the Court **GRANTS** Defendant Madden's Motion to Dismiss on Eleventh Amendment grounds only to the extent that Plaintiff seeks damages against him in his official capacity. The Eleventh Amendment imposes no bar to Plaintiff's damages action against Defendants in their personal capacities, however. *See Stivers v. Pierce*, 71 F.3d 732, 749 (9th Cir. 1995).

### D. Retaliation claims

Defendants seek dismissal of Plaintiff's Complaint, in part, on the grounds that he has failed to plead facts sufficient to state a First Amendment retaliation claim. (*See* Defs.' P&A's at 8–9.)

To the extent Plaintiff claims Defendants have retaliated against him, he must allege facts to support the following five factors: "(1) an assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment right, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 566 (9th Cir. 2005);

*see also Barnett v. Centoni*, 31 F.3d 813, 815-16 (9th Cir. 1994) (per curiam), *Resnick v. Hayes*, 213 F.3d 443, 449 (9th Cir. 2000); *Hines v. Gomez*, 108 F.3d 265, 269 (9th Cir. 1997).[1]

Here, Defendants somewhat concede that the first prong has been met. That is, that Plaintiff had an "adverse action" taken against him. *Rhodes,* 408 F.3d at 566. The adverse action was the loss of Plaintiff's prison job. However, Defendants argue that Plaintiff cannot demonstrate that the loss of his job was "because of some protected conduct such as his appeal." (*See* Defs.' Ps&As at 8.) The Court finds otherwise. Plaintiff alleges in his Complaint that he was removed from his prison job by Defendant Lopez and Weitzeil because of the administrative grievance he had filed against them on January 15, 2008. (*See* Compl. at 3.) The same Defendants that Plaintiff filed a grievance against are the same Defendants that Plaintiff claims caused him to be fired from his job. Thus, he has adequately alleged that the adverse action was taken because of the grievance Plaintiff filed against Defendants Lopez and Weitzeil.

The Ninth Circuit has reaffirmed the holding in *Rhodes* that "an objective standard governs the chilling inquiry" of a retaliation claim. *See Brodheim v. Cry*, 584 F.3d 1262, 1271 (9th Cir. 2009) (citing *Rhodes*, 408 F.3d at 568-69)). This means that a "plaintiff does not have to show that 'his speech was actually inhibited or suppressed,' but rather that the adverse action at issue 'would chill *or* silence a person of ordinary firmness from future First Amendment activities.'" *Id.* Here, Plaintiff is also able to meet this factor of a retaliation claim in that the loss of his job because he filed a grievance claiming job discrimination would "chill" a prisoner from exercising their First Amendment rights to file administrative grievances.

Defendants argue that Plaintiff cannot demonstrate the next element of a retaliation claim because he is unable to allege that the alleged retaliatory act "did not reasonably advance a legitimate correctional goal." *Rhodes*, 408 F.3d at 568. Here, Plaintiff claims that Defendants intentionally falsified disciplinary reports in order to remove him from his prison job. (*See*

---

[1] Defendants also suggest that there is a sixth element to a retaliation claim when they state "inmates are also now required to plead and prove the defendant acted with retaliatory animus and lacked a legitimate basis for the actions which were allegedly retaliatory." (Defs.' Ps&As at 8 citing *Hartman v. Moore*, 547 U.S. 250 (2006)). However, the element requiring an absence of probable cause in a retaliation claim is limited to "a particular subcategory of retaliation claims" that only involve "retaliatory prosecution claims." *See Skoog v. Clackamas*, 469 F.3d 1221, 1233 (9th Cir. 2006). Plaintiff's claims are not similar to the types of claims that are addressed in the *Hartman* case and thus, this sixth element is not applicable.

Compl. at 3-4.) Thus, at this stage of the proceedings, Plaintiff has adequately alleged facts to meet all elements of a First Amendment retaliation claim.

Accordingly, for all the above stated reasons, Defendants' Motion to Dismiss Plaintiff's retaliation claims pursuant to FED.R.CIV.P. 12(b)(6) is **DENIED**.

### E.   Conspiracy Claims

Defendants seek dismissal of Plaintiff's conspiracy claims that he has brought pursuant to 42 U.S.C. §§ 1985(3). "To state a cause of action under § 1985(3), a complaint must allege (1) a conspiracy, (2) to deprive any person or a class of persons the equal protection of the laws, or of equal privileges and immunities under the laws, (3) an act by one of the conspirators in furtherance of the conspiracy, and (4) a personal injury, property damage or a deprivation of any right or privilege of a citizen of the United States." *Gillespie v. Civiletti*, 629 F.2d 637, 641 (9th Cir. 1980); *see also Griffin v. Breckenridge*, 403 U.S. 88, 102-03 (1971); *Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1536 (9th Cir. 1992). "[T]he language requiring intent to deprive *equal* protection . . . means that there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Griffin*, 403 U.S. at 102; *see also Sever*, 978 F.2d at 1536.

Here, Plaintiff fails to allege membership in a protected class and fails to allege that any Defendant acted with class-based animus, both of which are essential elements of a cause of action under 42 U.S.C. § 1985(3). *See Griffin*, 403 U.S. at 101-02; *Schultz v. Sundberg*, 759 F.2d 714, 718 (9th Cir. 1985) (holding that conspiracy plaintiff must show membership in a judicially-designated suspect or quasi-suspect class); *Portman v. County of Santa Clara*, 995 F.2d 898, 909 (9th Cir. 1993). Accordingly, the Court **GRANTS** Defendants' Motions to Dismiss Plaintiff's conspiracy claims brought pursuant to 42 U.S.C. § 1985(3) for failing to state a claim pursuant to FED.R.CIV.P. 12(b)(6).

Moreover, to the extent that Plaintiff seeks to bring a § 1986 conspiracy claim against Defendant Madden, he cannot do so. "Section 1986 authorizes a remedy against state actors who have negligently failed to prevent a conspiracy that would be actionable under § 1985." *Cerrato v. S.F. Cmty. Coll. Dist.,* 26 F.3d 968, 971 n. 7 (9th Cir. 1994). "A claim can be stated under

[§] 1986 only if the complaint contains a valid claim under [§] 1985." *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 626 (9th Cir. 1988). Because Plaintiff is unable to state a conspiracy claim pursuant to 42 U.S.C. § 1985(3), he cannot state a claim pursuant to 42 U.S.C. § 1986. Thus, Defendants' Motions to Dismiss Plaintiff's conspiracy claims brought pursuant to 42 U.S.C. § 1986 are **GRANTED** pursuant to FED.R.CIV.P. 12(b)(6).

### E. Fourteenth Amendment Due Process Claims

Defendants also seek dismissal of Plaintiff's Fourteenth Amendment Due Process claims. However, Plaintiff contends in his Opposition that he "never raised due process as a cause of action." (Pl.'s Opp'n at 12.) Thus, because Plaintiff clearly indicates that he is not alleging a Fourteenth Amendment due process claim, the Court will **DENY** Defendants' Motion to Dismiss Plaintiff's Fourteenth Amendment Due Process claims as moot.

### F. Qualified Immunity

Even if the Court finds that Plaintiff has sufficiently alleged a constitutional claim against Defendants Lopez, Weitzeil and Madden, Defendants seek qualified immunity on the grounds that they "reasonably believed their actions were lawful." (Defs.' P&A's at 14.) "Government officials enjoy qualified immunity from civil damages unless their conduct violates 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Jeffers v. Gomez*, 267 F.3d 895, 910 (9th Cir. 2001) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). When presented with a qualified immunity defense, the central questions for the court are: (1) whether the facts alleged, taken in the light most favorable to Plaintiff, demonstrate that the Defendant's conduct violated a statutory or constitutional right; and (2) whether the right at issue was "clearly established" at the time it is alleged to have been violated. *Saucier v. Katz*, 533 U.S. 194, 201 (2001). Although *Saucier* originally required the Court to answer these questions in order, the U.S. Supreme Court has recently held that "while the sequence set forth there is often appropriate, it should no longer be regarded as mandatory." *Pearson v. Callahan*,__U.S. __, 129 S.Ct. 808, 818 (2009).

/ / /

/ / /

If the Court finds that Plaintiff's allegations do not make out a statutory or constitutional violation, "there is no necessity for further inquiries concerning qualified immunity." *Saucier*, 533 U.S. at 201. Similarly, if the Court determines that the right at issue was not clearly established at the time of the defendant's alleged misconduct, the court may end further inquiries concerning qualified immunity without determining whether the allegations in fact make out a statutory or constitutional violation. *Pearson*, 129 S.Ct. at 818.

In this case, the Court has found that Plaintiff has not sufficiently alleged a constitutional claim against Defendant Madden and thus, need not decide whether Defendant Madden is entitled to qualified immunity. *Saucier*, 522 U.S. at 201. However, the Court will address whether Defendants Lopez and Weitzeil are entitled to qualified immunity as to Plaintiff's retaliation claims.

"The next, sequential step is to ask whether the right was clearly established." *Id.* A right is "clearly established" when its contours are "sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Id.* at 202. This does not mean "that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful." *Hope v. Pelzer*, 536 U.S. 730, 739 (2002). Instead, "in the light of pre-existing law[,] the unlawfulness must be apparent." *Id.* The "salient question" is whether the state of the law at the time gives officials "fair warning" that their conduct is unconstitutional. *Id.* at 740. "This inquiry ... must be undertaken in light of the specific context of the case, not as a broad general proposition." *Saucier*, 533 U.S. at 202; *Crowell v. City of Coeur D'Alene*, 339 F.3d 828, 846 (9th Cir. 2003).

The right to be free from retaliation in the prison context was "clearly established" at the time Plaintiff alleged these actions took place as evidenced by the Ninth Circuit decision in *Rhodes* in 2005. *See Rhodes*, 408 F.3d at 566. Defendants argue that they reasonably believed their actions were lawful because "they acted in the interest of staff safety." (Defs.' Ps&A's at 14.) While it is important to decide qualified immunity issues at the earliest stage in the litigation, the Court cannot determine, based on the current stage of this action, that Defendants are entitled to qualified immunity. *Pearson*, 129 S.Ct. at 815.

Defendants' statements in their Motion to Dismiss are contradictory to the allegations in Plaintiff's Complaint and therefore, are best resolved, if possible, in a motion for summary judgment. Accordingly, Defendants' Motion to Dismiss Plaintiff's Complaint on qualified immunity grounds is **DENIED** without prejudice.

### G. Request for Injunctive Relief

Defendants also challenge Plaintiff's request for injunctive relief and state "the injunctive relief sought here must fail, as it is overbroad and inappropriate." (Defs.' Ps&A's at 16.) While Plaintiff has set forth a request for injunctive relief in his Complaint, he is not currently seeking such relief by way of motion for preliminary injunction or temporary restraining order. There is no authority provided by Defendants that would give the Court the authority to dismiss Plaintiff's claims for injunctive relief at this stage of the proceeding. While it ultimately may be appropriate to deny Plaintiff's request for injunctive relief, it is not clear that the Court can reach this decision on a motion to dismiss. Accordingly, Defendants' Motion to Dismiss Plaintiff's request for injunctive relief is **DENIED**, without prejudice, as premature.

## IV. Motion for a More Definite Statement per FED.R.CIV.P. 12(e)

Defendants have also brought a motion for a more definite statement of Plaintiff's claims pursuant to FED.R.CIV.P. 12(e). Defendants claim that "Plaintiff's Complaint is a classic example of a "shotgun" pleading that violates Rule 8(a)(2)." (Defs. Ps&A's at 16.) The Court disagrees.

### A. Standard of Review

A Rule 12(e) motion for a more definite statement is proper when the pleading at issue "is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." FED.R.CIV.P. 12(e). However, a motion for a more definite statement must be considered in light of the liberal pleading standards of Rule 8(a) (a complaint need only be a "short and plain statement of the claim showing that the pleader is entitled to relief[.]"). *See Sagan v. Apple Computer, Inc.*, 874 F. Supp. 1072, 1077 (C.D. Cal. 1994) ("Motions for a more definite statement are viewed with disfavor and are rarely granted because of the minimal pleading requirements of the Federal Rules."); *see also Bureerong v. Uvawas*, 922 F. Supp.

1450, 1461 (C.D. Cal. 1996) ("A motion for a more definite statement attacks unintelligibility in a pleading, not simply mere lack of detail.") (citation omitted). Thus, a motion for a more definite statement should not be granted unless the defendant literally cannot frame a responsive pleading. *Boxall v. Sequoia Union High School Dist.*, 464 F. Supp. 1104, 1114 (N.D. Cal. 1979).

### B.     Analysis

It is a well-established rule that allegations asserted by pro se petitioners, "however inartfully pleaded," are held "to less stringent standards than formal pleadings drafted by lawyers." *Haines*, 404 U.S. at 519-20. Thus, where a plaintiff appears in propria persona in a civil rights case, the Court must construe the pleadings liberally and afford plaintiff any benefit of the doubt. *See Karim-Panahi*, 839 F.2d at 623. The Court was mindful of this obligation when it screened Plaintiff's Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). (*See* June 23, 2009 Order at 3.)

Here, Plaintiff has a limited number of causes of action against three Defendants. This is not a "classic example" of a shotgun pleading. Moreover, Defendants have challenged every aspect of Plaintiff's Complaint in their current Motion to Dismiss and show no sign of confusion as to the nature of his factual allegations or causes of action. Thus, Defendants' Motion for More Definite Statement is **DENIED**.

### V.     CONCLUSION AND ORDER

Based on the foregoing, the Court hereby:

1)     **GRANTS** Defendants' Motion to Dismiss on Eleventh Amendment grounds only to the extent that Plaintiff seeks damages against them in their official capacities.

2)     **DENIES** Defendants' Motion to Dismiss Plaintiff's First Amendment retaliation claims pursuant to FED.R.CIV.P. 12(b)(6);

3)     **GRANTS** Defendants' Motion to Dismiss Plaintiff's conspiracy claims pursuant to FED.R.CIV.P. 12(b)(6) and the Clerk of Court is directed to terminate Defendant Madden from the docket;

4) **DENIES** Defendants' Motion to Dismiss Plaintiff's Fourteenth Amendment due process claims as moot;

**5)** **DENIES** Defendants' Motion to Dismiss Plaintiff's Complaint on qualified immunity grounds without prejudice;

6) **DENIES** Defendants' Motion to Dismiss Plaintiff's claims for injunctive relief without prejudice; and

7) **DENIES** Defendants' Motion for a More Definite Statement to FED.R.CIV.P. 12(e).

**IT IS FURTHER ORDERED THAT:**

Defendants Lopez and Weitzeil shall file and serve their Answer to the claims that remain in Plaintiff's Complaint within fourteen (14) days of the date this Order is "Filed" pursuant to FED.R.CIV.P. 12(a)(4)(A).

**IT IS SO ORDERED.**

DATED: December 23, 2009

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge