UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CURTIS HARVEY MERCHANT | ) | Civil No. 09-856 WQH (NLS) |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | **ORDER DENYING PLAINTIFF'S** |
| | ) | **MOTIONS FOR LEAVE TO TAKE** |
| H. LOPEZ, P. WEITZEIL | ) | **WRITTEN DEPOSITIONS OF PRISON** |
| | ) | **EMPLOYEES** |
| Defendants. | ) | |
| | ) | [Docket No. 18.] |
| | ) | [Docket No. 19.] |

Plaintiff, a state prisoner pursuing a civil rights complaint under 42 U.S.C. § 1983, has filed two separate Motions for Leave to Take Written Depositions from prison employees. For the following reasons, the Court **DENIES** the motions.

**I.  RELEVANT PROCEDURE & FACTS**

Plaintiff, proceeding *pro se* and *in forma pauperis* (IFP), alleges in his § 1983 Complaint that Correctional Food Managers at Calipatria State Prison violated his constitutional rights when they conspired to fire him from his culinary position in retaliation to a discrimination grievance Plaintiff filed against the managers. Defendants filed their Answer on January 18, 2010 [docket no. 14], and the Court issued a Scheduling Order on January 21, 2010 [docket no. 17].

Plaintiff is now requesting leave of Court to take written depositions from five individuals: Correctional Food Supervisor Sequra, Correctional Officer Rivas, Correctional Officer Perez, Correctional Sergeant Zamora, and Supervising Records Officer Vicky Trejo. He also asks the Court to order Defendants to pay for "expenditures to take the necessary written depositions in preparation for

trial."

## II.   DISCUSSION

Plaintiff states his motion is made pursuant to Rule 31(a)(2) of the Federal Rules of Civil Procedure.  Rule 31 outlines the procedure for depositions by written questions.  Specifically, subsection (a)(2) states the following:

> A party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(2):
> ¶(B) if the deponent[1] is confined in prison.

The individuals Plaintiff wishes to depose do not appear to be people "confined in prison."  Therefore, Plaintiff does not require leave of Court to depose the named individuals by written questions.  He is permitted to conduct discovery while incarcerated, without leave of the Court, as long as he complies with the Federal Rules of Civil Procedure, the local rules and applicable prison regulations.

Plaintiff's request for payment of his deposition fees by Defendants is based on his IFP status.  However, while the IFP statute, 28 U.S.C. §1915, allows a federal court to waive the filing fee for an indigent prisoner's civil rights complaint, it does not require the court to order financing of the entire action or waiver of fees or expenses for witnesses.  *Hadsell v. Comm'r Internal Revenue Serv.*, 107 F.3d 750, 752 (9th Cir. 1997); *Dixon v. Ylst*, 990 F.2d 478, 480 (9th Cir. 1993); *Tedder v. Odel*, 890 F.2d 210, 211-12 (9th Cir.1989) (per curiam).  Plaintiff is thus financially responsible for procuring a deposition officer to transcribe the witnesses' testimony, for notice and delivery of the questions, and for filing of the deposition.  *See* Rule 31.

## III.   CONLUSION

Because Plaintiff does not require leave of court to depose the individuals in his motion who are not confined in prison, the Court **DENIES** his motion as **MOOT.**  Plaintiff's request that the Court order Defendants to pay the costs associated with conducting the depositions is also **DENIED**.

**IT IS SO ORDERED.**

DATED: March 8, 2010.

*/s/ Nita L. Stormes*
NITA L. STORMES
United States Magistrate Judge

---

[1] Black's Law Dictionary (8th ed. 2004) defines "deponent" as: "1. One who testifies by deposition. 2. A witness who gives written testimony for later use in court."