# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS HARVEY MERCHANT,<br><br>                      Plaintiff,<br>vs.<br>H. LOPEZ, Assistant Food Manager; P. WEITZEIL, Food Manager Secretary; R. MADDEN, Facility Captain,<br><br>                     Defendants. | CASE NO. 09cv856-WQH-NLS<br><br>**ORDER** |

HAYES, Judge:

      The matter before the Court is Plaintiff's Motion for Review of Honorable Magistrate Judge's Order Denying Request for Leave to Take Written Deposition of Prison Employees Under Abuse of Discretion ("Motion for Review"). (Doc. # 22).

**I.    Background**

      On April 22, 2009, Plaintiff Curtis Harvey Merchant, a prisoner currently incarcerated at Calipatria State Prison ("Calipatria") and proceeding pro se and *in forma pauperis*, initiated this action by filing a Complaint in this Court. (Doc. # 1). Plaintiff asserts First Amendment retaliation claims pursuant to 28 U.S.C. § 1983 against Defendants, who are employees at Calipatria.

      On February 17, 2010 and March 1, 2010, Plaintiff filed motions requesting leave of Court to take written depositions of certain Calipatria employees "[p]ursuant to Rule 31(a)(2),

Federal Rules of Civil Procedure." (Doc. # 18 at 1; Doc. # 19 at 1). Each motion contains a section entitled "request for expenditures by Defendants, if needed," which states: "Plaintiff is proceeding ... In Forma Pauper[is] and cannot pay the necessary expenditures to take the necessary written deposition in preparation for trial." (Doc. # 18 at 3; Doc. # 19 at 2).

On March 8, 2010, the Magistrate Judge issued an Order denying Plaintiff's motions. (Doc. # 20). The Magistrate Judge stated:

> Plaintiff states his motion is made pursuant to Rule 31(a)(2) of the Federal Rules of Civil Procedure. Rule 31 outlines the procedure for depositions by written questions. Specifically, subsection (a)(2) states the following:
>
> > A party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(2):
> > ¶(B) if the deponent is confined in prison.
>
> The individuals Plaintiff wishes to depose do not appear to be people 'confined in prison.' Therefore, Plaintiff does not require leave of Court to depose the named individuals by written questions. He is permitted to conduct discovery while incarcerated, without leave of the Court, as long as he complies with the Federal Rules of Civil Procedure, the local rules and applicable prison regulations.
>
> Plaintiff's request for payment of his deposition fees by Defendants is based on his IFP status. However, while the IFP statute, 28 U.S.C. §1915, allows a federal court to waive the filing fee for an indigent prisoner's civil rights complaint, it does not require the court to order financing of the entire action or waiver of fees or expenses for witnesses. *Hadsell v. Comm'r Internal Revenue Serv.*, 107 F.3d 750, 752 (9th Cir. 1997); *Dixon v. Ylst*, 990 F.2d 478, 480 (9th Cir. 1993); *Tedder v. Odel*, 890 F.2d 210, 211-12 (9th Cir.1989) (per curiam). Plaintiff is thus financially responsible for procuring a deposition officer to transcribe the witnesses' testimony, for notice and delivery of the questions, and for filing of the deposition. *See* Rule 31. ...
>
> Because Plaintiff does not require leave of court to depose the individuals in his motion who are not confined in prison, the Court DENIES his motion as MOOT. Plaintiff's request that the Court order Defendants to pay the costs associated with conducting the depositions is also DENIED.

(Doc. # 20 at 2 (footnote omitted)).

On March 24, 2010, Plaintiff filed the Motion for Review of the Magistrate Judge's Order. (Doc. # 22). Plaintiff contends that he "has no other alternative ... to tak[ing] written depositions from prison employees based on current prison regulations." (Doc. # 22 at 2). Plaintiff "request[s] that his fundamental right to be able to prepare and present an adequate and meaningful case for trial be restored and allow Plaintiff leave to take written depositions of the five prison employees ... [listed] in Document No. 18 and Document No. 19." (Doc. #

22 at 3).

On April 6, 2010, Defendants filed an opposition to the Motion for Review, contending that Defendants "should not be ordered to pay the costs associated with the written depositions of the [California Department of Corrections and Rehabilitation] employees." (Doc. # 27 at 4).

On May 10, 2010, Plaintiff filed a reply brief in support of the Motion for Review. (Doc. # 32).

**II.     Discussion**

Objections to non-dispositive orders by a magistrate judge are governed by Federal Rule of Civil Procedure 72(a), which states:

> When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

Fed. R. Civ. P 72(a).

The Magistrate Judge correctly ruled that, pursuant to Federal Rule of Civil Procedure 31(a), Plaintiff does not require leave of Court to depose the named individuals by written questions. (Doc. # 20 at 2). As the Magistrate Judge stated, Plaintiff "is permitted to conduct discovery while incarcerated, without leave of the Court, as long as he complies with the Federal Rules of Civil Procedure, the local rules and applicable prison regulations." (*Id.*)

The Magistrate Judge also correctly ruled that "28 U.S.C. § 1915, the *in forma pauperis* statute, does not waive payment of fees or expenses for witnesses." *Dixon v. Ylst*, 990 F.2d 478, 480 (9th Cir. 1993) (citation omitted). "'[T]he expenditure of public funds on behalf of an indigent litigant is proper only when authorized by Congress,'" and the Ninth Circuit has found "no such authorization in section 1915" for the payment of witness fees. *Tedder v. Odel*, 890 F.2d 210, 211-12 (9th Cir. 1989) (quoting *U.S. v. MacCollom*, 426 U.S. 317, 321 (1976)).

After review of the record, the Court concludes that the Magistrate Judge's March 8, 2010 Order is neither clearly erroneous nor contrary to law.

### III.  Conclusion

IT IS HEREBY ORDERED that the Motion for Review of Honorable Magistrate Judge's Order Denying Request for Leave to Take Written Deposition of Prison Employees Under Abuse of Discretion is **DENIED**.  (Doc. # 22).

DATED: May 12, 2010

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge